United States Court of Appeals
Fifth Circuit
**F I L E D**
May 20, 2005
Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 04-20450

---

RLI INSURANCE CO.,
as Successor-in-Interest to Underwriters Indemnity Co.,

Plaintiff-Appellant,

versus

WAINOCO OIL & GAS CO. and FRONTIER OIL CORP.,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas

(04-CV-553)

---

Before DAVIS, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant RLI Insurance Co. ("RLI") appeals from the district court's decision to stay the federal declaratory judgment action RLI brought against Defendants-Appellees Wainoco Oil & Gas Co. ("Wainoco") and Frontier Oil Corp. ("Frontier") (together, "Appellees") pending the outcome of a related California state

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court action.  We AFFIRM.

**BACKGROUND**

RLI is the successor-in-interest to Underwriters Indemnity Co. ("UIC").  In the 1980s, UIC sold four insurance policies to Wainoco Oil Corp., the parent company of Wainoco and now known as Frontier.  These policies covered the period from October 1987 to October 1989.  Frontier is a Wyoming corporation with its principal place of business in Texas.  UIC was both incorporated and located in Texas, while RLI is both incorporated and located in Illinois.

Between 1985 and 1995, Appellees operated oil and gas facilities on the campus of Beverly Hills High School.  In June 2003 Appellees and other unrelated parties were named as defendants in numerous California state court tort suits for allegedly releasing toxic chemicals at Beverly Hills High School and causing injuries to those exposed.

During this time frame, Appellees had over 45 policies in effect issued by at least 15 insurance groups.  Shortly after being named as defendants, Appellees contacted their insurers and requested they provide defense and indemnity, if necessary.  Having not received any definitive response, on January 29, 2004, Appellees' counsel wrote to all of its clients' insurers, asking each to state its coverage position.  RLI did not respond, but instead on February 12, 2004, filed the instant declaratory action in federal court in Texas, seeking a declaration that RLI did not

owe Appellees a duty to defend or to indemnify in the California tort actions. The next day, RLI informed Appellees by letter that it was denying coverage.

In response, on February 25, 2004, Appellees initiated an action in California state court against all their primary insurers, including RLI, requesting a declaratory judgment that all of their primary insurers owe a duty to defend the California tort suits, and alleging breach of contract against RLI and another insurer which also expressly denied coverage.

Appellees moved the federal district court to dismiss the Texas case or, in the alternative, stay it pending the resolution of the California state court coverage action. Based on the discretion afforded to district courts under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), and the **Brillhart v. Excess Insurance Co. of America**, 316 U.S. 491, 495 (1942), abstention doctrine, the district court determined that abstention was appropriate and stayed the action. RLI timely appealed.

## DISCUSSION

We review a district court's decision whether to exercise its jurisdiction under the DJA and **Brillhart** for abuse of discretion. **Wilton v. Seven Falls Co.,** 515 U.S. 277, 289-90 (1995). "[U]nless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion." **St. Paul Ins.**

3

*Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (citation omitted).

The DJA provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The DJA "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. In *Brillhart*, the Supreme Court explained:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. at 495. *Brillhart* abstention is applicable when a district court considers abstaining from exercising jurisdiction over a declaratory judgment action. *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994) (per curiam).

This Court in *Trejo* identified seven nonexclusive factors for a district court to consider in deciding whether to abstain from adjudicating a declaratory judgment action:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a

4

> lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and . . . [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d at 590-91 (internal citation omitted). The district court operated under this exact *Trejo* framework when deciding to abstain here. RLI argues that the court misconstrued these factors in numerous ways and thus abused its discretion. Appellees contend the district court properly exercised its discretion.

As to the first *Trejo* factor, the district court found it to weigh in favor of dismissal or stay because the California coverage suit presented a parallel state proceeding in which all matters in controversy here may be fully litigated. As to the second and third *Trejo* factors, the district court found them to be neutral because both sides had engaged in "procedural fencing" in filing their respective suits. As to the fourth *Trejo* factor, the district court found it to weigh in favor of dismissal or stay. The court determined that little inequity to RLI would result from requiring all the coverage determinations to occur in California where the subject of the insurance is located. Moreover, the court noted that RLI is not a Texas company, the insureds prefer

5

California as the litigation situs, and the vast majority of the insurers involved in the underlying California tort suits are likewise defendants in the California coverage action. As to the fifth *Trejo* factor, the court found it to be neutral because of the relative convenience of both forums, depending on whether just the duty to defend or also the duty to indemnify was at issue. As to the sixth *Trejo* factor, the district court found it to weigh in favor of dismissal or stay because deference to a pending state action in which all of the primary insurers are joined would allow one court to decide the issues in this case. The district court properly noted that the seventh *Trejo* factor is not implicated in this case. Because all the *Trejo* factors either weighed in favor of yielding to the California coverage action, or were neutral, the district court concluded it was appropriate to exercise its discretion under the DJA and *Brillhart* and refrain from deciding this case. In an effort to assure the availability of a federal forum should the California coverage action fail to resolve the matter in controversy, the district court stayed, rather than dismissed, the case. See *Wilton*, 515 U.S. at 288 n.2.

Here, the record reflects a reasoned memorandum and order by the district court, which addressed and balanced the purposes of the DJA and the factors relevant to the *Brillhart* abstention doctrine. See *Trejo*, 39 F.3d at 590. Therefore, we find that the district court did not abuse its discretion in choosing to stay the

federal action pending the outcome of the related California state court action. See *id.*

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and arguments, for the reasons set forth above, we AFFIRM the district court's order.

**AFFIRMED.**